**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Richard D. Bernal,<br>Movant/Defendant<br>-vs-<br>United States of America,<br>Respondent/Plaintiff. | CV-15-0812-PHX-DGC (JFM)<br>CR-12-1627-PHX-DGC<br><br>**Report & Recommendation**<br>**on Motion to Vacate, Set Aside**<br>**or Correct Sentence** |

## I.   MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on May 4, 2015 (Doc. 1). On July 10, 2015, Respondent filed its Response (Doc. 7). Movant filed a Reply on August 13, 2015 (Doc. 9).

The Movant's Motion is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II.   RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A.   FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

In the early morning hours of March 1, 2010, a 911 caller reported seeing a green two-tone SUV speed off Interstate 10 at North 1st Avenue in Phoenix at a high rate of speed, crash into the median in the middle of the avenue, and continue down a side street a few hundred yards away. The responding police officer came upon a two-tone green

1

SUV matching the 911 caller's description, stopped in the middle of the road with at least one flat tire, and several men standing around looking at the tires. The officer got out of his car and approached the men who behaved strangely and denied being involved in an accident. Suspicious, the officer investigated. In the process, Movant was frisked and told to sit down on the curb. The officer turned away and Movant reached into his front pocket and dropped something behind him in the grass. A second officer who was standing behind Movant observed and a search revealed a gun. On being arrested, Movant spontaneously said "Man, I didn't mean to give you trouble. I should have told you about the gun." On the way to the police station and unprompted by questioning, Movant said he "shouldn't have been carrying the gun" and that he was "sorry." The officer recorded both statements in writing.[1]

On September 18, 2012, Movant was indicted on one count of being a felon in possession of a firearm, the predicate offense having been a conviction for disorderly conduct in Maricopa County Superior Court Case CR 2000-006117. (CR 1.) (Documents in the underlying criminal case, CR-12-1627-PHX-DGC, are referenced herein as "CR ___"; Exhibits to the Answer, Doc. #, are referenced herein as "Exhibit ___".) A Superseding Indictment (CR 33) was filed on April 16, 2013 which added allegations of possession of seven rounds of ammunition.

Movant unsuccessfully moved to suppress the gun and his own statements. (Motion, CR 36; Order 6/7/13, CR 58.)

Movant proceeded to a jury trial, and Movant was found guilty. (CR 84, M.E. 6/20/13.) On September 13, 2013, Movant was sentenced to 42 months in prison. (CR 110.)

---

[1] This recitation of the factual background is drawn from the Government's Answering Brief on appeal (Exhibit 2). Because it is provided only for context, no effort is made to address Movant's version.

**B.     PROCEEDINGS ON DIRECT APPEAL**

Movant filed a direct appeal, arguing that the evidence of the gun and Movant's confession should have been suppressed because the officer had no probable cause to detain Movant, and that his motion for reconsideration and motion for new trial should have been granted on the basis of new evidence on the arresting officer's credibility. (Exhibit 1, Opening Brief.)  On March 31, 2015, the Ninth Circuit issued its Memorandum Decision rejecting the claim on the motion to suppress and attacks on the officer's credibility, and affirmed.  (CR 132.)

**C.     PRESENT FEDERAL HABEAS PROCEEDINGS**

**Motion** – Movant commenced the current case by filing his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on May 4, 2015 (Doc. 1). Movant's Motion asserts the following two grounds for relief:

> In Ground One, Movant alleges several instances in which his Constitutional rights were violated, and broadly describes these instances as an unconstitutional sentence imposed in violation of the First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments. In Ground Two, Movant alleges that his attorney provided constitutionally deficient assistance.

(Order 5/15/15, Doc. 4 at 1-2.)

**Response** - On July 10, 2015, Respondent filed its Response (Doc. 7). Respondent argues that Ground 1 consists of claims that were or could have been brought on direct appeal, and thus are barred from review either under the law of the case, or because procedurally defaulted.  (Doc. 7 at 2-3.)   Respondent argues that all of the claims in Ground 1 are without merit, and the ineffective assistance claim in Ground 2 is without merit because counsel properly stopped Movant from speaking out in court. (*Id.* at 4-8.)

**Reply** - On August 13, 2015, Movant filed a Reply (Doc. 9), containing no argument, and simply attaching a copy of the Court's scheduling Order (Doc. 8).

### III.   APPLICATION OF LAW TO FACTS
**A.   <u>LAW OF THE CASE</u>**

In Ground 1 of his Motion to Vacate, Movant argues:

a) he was denied his First Amendment rights when he was prevented from denying that he authored the confession attributed to him;

b) his Fourth Amendment rights were violated because the officer conducted a search and seizure without probable cause;

c) his Sixth Amendment rights were violated because there were no witnesses against him;

d) His Thirteenth Amendment rights were violated when he was detained;

e) His Fourteenth Amendment rights were violated because he was treated unequally and denied due process by the arresting officer; and

f) his Fifth Amendment rights were violated by admission of his compelled confession.

(Motion, Doc. 1 at 3-4.)  Respondent argues that Movant's Fourth Amendment claim in Ground 1(b) was raised and decided on direct appeal, and that decision is the law of the case, and not subject to further review in this proceeding.

Ordinarily, the doctrines of *res judicata* and collateral estoppel do not apply to habeas corpus proceedings.  *Sanders v. U.S.*, 373 U.S. 1, 8 (1963).  However, the law of the case doctrine is applicable on federal habeas review.  *Shore v. Warden*, 942 F.2d 1117, 1123 (7th Cir. 1991).  "The law of the case doctrine ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case."  *U.S. v. Caterino*, 29 F.3d 1390, 1395 (9th Cir. 1994) (quoting *U.S. v. Maybusher*, 735 F.2d 366, 370 (9th Cir. 1984), cert. denied, 469 U.S. 1110 (1985)).  Under this doctrine, a district court will ordinarily refrain from acting if an appellate court previously has issued a decision on the merits of the claim.  *Caterino*, 29 F.3d at 1395.  Thus, the Ninth Circuit has long held that "[i]ssues disposed of on a

previous direct appeal are not reviewable in a subsequent petition under 2255." *Stein v. U.S.*, 390 F.2d 625, 626 (9th Cir. 1968).

"A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). Otherwise, "[f]ailure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." *Id.*

Here, Movant's Ground 1(b) was raised and decided in Movant's direct appeal to the Ninth Circuit. Movant proffers nothing to suggest that any of the exceptions apply which would permit this Court to revisit that decision. Accordingly, that decision is the law of this case.

Accordingly, Ground 1(b) (Fourth Amendment) must be denied under the law of the case doctrine.

B. **EXHAUSTION & PROCEDURAL DEFAULT**

Respondent argues that any portion of Ground 1 not raised on direct appeal is barred as procedurally defaulted.

The general rule is "that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. U.S.*, 538 U.S. 500, 504 (2003). Thus, a Section 2255 movant raising a claim for the first time in post-conviction proceedings is in procedural default, and is precluded from asserting the claim. *Bousley v. U.S.*, 523 U.S. 614, 621 (1998) (finding default where petitioner challenging his guilty plea did not raise claim in direct appeal); *U.S. v. Frady*, 456 U.S. 152, 165 (1982) (noting that a motion to vacate or modify a sentence under 28 U.S.C. § 2255 cannot be used as a substitute for a direct appeal).[2]

---

[2] In a federal prosecution, claims of ineffective assistance of counsel need not be exhausted on direct appeal, but are properly brought in the first instance in a Motion

Here, except for the Fourth Amendment claim presented on direct appeal and barred under the law of the case doctrine, Movant failed to raise his claims in Ground 1 on direct appeal.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent'." *Bousley*, 523 U.S at 622 (citations omitted). Movant does not assert his actual innocence, nor any cause to excuse his procedural default. The undersigned finds none.

Accordingly, any portion of Ground 1 not raised on direct appeal must be dismissed with prejudice as procedurally defaulted, including Grounds 1(a), 1(c), 1(d), 1(e) and 1(f).

C. **GROUND 2 – INEFFECTIVE ASSISTANCE OF COUNSEL**

In his Ground 2, Movant argues that trial counsel was ineffective for stopping him from objecting when the prosecutor began to read the portion of the arresting officer's report containing Movant's confession. (Motion, Doc. 1 at 5.)

Respondent argues that this claim is without merit because counsel's actions were appropriate and in Movant's best interests, and counsel adequately voiced Movant's objections and thoroughly defended Movant throughout the trial. Respondent also argues Movant fails to show prejudice because the likely result would have been an instruction for the jury to disregard Movant's statements. (Response, Doc. 7 at 6-8.)

**Applicable Standard on Ineffective Assistance Claims** – Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, Petitioner must show: (1) deficient

---

pursuant to 28 U.S.C. sec. 2255. "We do hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). Respondent does not contend Movant's Ground 2 (Ineffective Assistance) is procedurally defaulted.

6

performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88. Although the petitioner must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. *Id.* at 697.

There is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance and that, under the circumstances, the challenged action might be considered sound trial strategy. *U.S. v. Quinterro-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848 (1996); *U.S. v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991). The court should "presume that the attorneys made reasonable judgments and decline to second guess strategic choices." *U.S. v. Pregler*, 233 F.3d 1005, 1009 (7th Cir. 2000).

An objective standard applies to proving such deficient performance, and requires a petitioner to demonstrate that counsel's actions were "outside the wide range of professionally competent assistance, and that the deficient performance prejudiced the defense." *United States v. Houtcens*, 926 F.2d 824, 828 (9th Cir. 1991) (quoting *Strickland*, 466 U.S. at 687-90). The reasonableness of counsel's actions is judged from counsel's perspective at the time of the alleged error in light of all the circumstances. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *Strickland*, 466 U.S. at 689.

"The law does not require counsel to raise every available nonfrivolous defense. Counsel also is not required to have a tactical reason—above and beyond a reasonable appraisal of a claim's dismal prospects for success—for recommending that a weak claim be dropped altogether." *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009) (citations omitted).

Moreover, it is clear that the failure to take futile action can never be deficient performance. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir.1996); *Sexton v. Cozner*,

7

679 F.3d 1150, 1157 (9th Cir. 2012).  "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel."  *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).

**Factual Background** – The prosecution quoted Movant's statements to the officers in opening statements (R.T. 6/18/13 at 135) and closing arguments (R.T. 6/20/13 at 481), and had the officer testify to the statements (R.T. 6/18/13 at 180; R.T. 6/19/13 at 263-264.)  The record does not reflect Movant's interjection, and Movant does not make clear which quotation he attempted to interrupt.

**Application** – Regardless which instance Movant tried to interrupt, counsel's actions in quieting Movant were entirely reasonable.  Had Movant persisted in interrupting, he risked a variety of sanctions, including contempt of court, *see e.g.* 18 U.S.C. § 401 (criminal contempt) and removal from the court, *see e.g. Illinois v. Allen*, 397 U.S. 337, 343 (1970) (removal of defendant for disruptive behavior).  Moreover, counsel properly intervened to prevent Movant from what could have resulted in impromptu statements against Movant's interest, or perhaps even worse a determination that Movant was waiving his right to remain silent and was subjecting himself to cross-examination.[3]  Thus, Movant fails to show that counsel performed deficiently by stopping Movant from interrupting the prosecutor.

Further, as Respondent suggests, persistence in interrupting would have likely resulted in an instruction to the jury to ignore Movant's comments. *See e.g. Brown v. Terhune*, 158 F. Supp. 2d 1050, 1082 (N.D. Cal. 2001) (discussing propriety of instruction to disregard interjected comments from spectator).  Thus, anything said by Movant would have fallen on judicially deafened ears, precluding a finding that allowing him to speak would have resulted in a different outcome.  Therefore, Movant also fails to show prejudice.

---

[3] Respondents argue that counsel adequately defended Movant in other respects. (Response, Doc. 7 at 7.)  Movant's Motion does not assert a failure to perform adequately in any manner other than quieting Movant.  Accordingly, the undersigned does not address counsel's other efforts on Movant's behalf.

**Summary** – Movant has failed to show deficient performance and prejudice from counsel's conduct in quieting him.  Accordingly, Ground 2 is without merit and must be denied.

D. **OTHER DEFENSES**

Because the undersigned finds the claims in Ground 1 plainly barred, either under the law of the case doctrine, or as procedurally defaulted, the undersigned does not reach the merits of those claims.

E. **SUMMARY**

Ground 1(b) is precluded from review under the law of the case doctrine.  The remainder of Ground 1 is procedurally defaulted.  Accordingly, Ground 1 must be dismissed with prejudice.  Ground 2 is without merit and should be denied.

## IV.   CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2255 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Motion is brought pursuant to 28 U.S.C. § 2255, and challenges Movant's federal criminal judgment.  The recommendations if accepted will result in Movant's Motion being resolved adversely to Movant.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the

constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on the merits. Under the reasoning set forth herein, for the claims addressed on procedural grounds, jurists of reason would not find it debatable whether the district court was correct in its procedural rule. Similarly, the constitutional claims are plainly without merit and jurists of reason would not find the Court's assessment debatable or wrong.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Ground 1 of Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed May 4, 2015 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that remainder of Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed May 4, 2015 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of

Appealability be **DENIED**.

## VI.   EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 10, Rules Governing Section 2255 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: November 5, 2015

15-0812r RR 15 10 29 on HC.docx

_____
James F. Metcalf
United States Magistrate Judge